# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-1404V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEFFREY TREADWAY, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: May 16, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran*, Black McLaren, et al., P.C., Memphis, TN, for Petitioner.

*Alexis B. Babcock*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On November 11, 2015, Jeffrey Treadway filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that he suffers from Bell's palsy as a result of his October 10, 2014 receipt of the influenza vaccine.[2] The parties eventually filed a stipulation for damages on February 14, 2017 (ECF No. 24), which I adopted as my decision on damages the same day. ECF No. 26.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be posted in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 25, 2017. *See* ECF No. 31. Petitioner requests reimbursement of attorney's fees and costs in the combined amount of $32,337.47 ($25,697.00 in attorney's fees and $6,640.47 in costs). *Id*. at 11. In accordance with General Order No. 9, Petitioner represents that he did not incur any litigation expenses in conjunction with this proceeding. *Id*. at 3. Respondent filed a document reacting to the fees request on May 3, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 32 at 2.

As a successful Vaccine Program Petitioner, Mr. Treadway is entitled to a fees and costs award. This matter has primarily been handled by three attorneys in the same firm (Black McLaren) – Messrs. McLaren, Cochran, and Webb. I have previously found that Black McLaren is entitled to forum rates. *See Pancoast v. Sec'y of Health & Human Servs.*, No. 15-718V, 2016 WL 7574815, at *3 (Fed Cl. Spec. Mstr. Nov. 16, 2016); *see also Henry v. Sec'y of Health & Human Servs.,* No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016). The rates I awarded in *Pancoast* for each of the three attorneys, plus paralegals, herein are the same as those requested here, and I will likewise award them.[3] *Id.* at *2. In addition, the hours expended on this matter appear to be reasonable. Finally, the requested litigation costs appear to be reasonable, and will also be awarded.[4]

Accordingly, an award of $32,337.47 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, William Cochran, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Because *Pancoast* was decided in 2016, I did not award a rate for 2017, but the rate requested in this fee request for 2017 is consistent with the increase I have awarded to Black McLaren. *Pancoast,* 2016 WL 7574815, at *2.

[4] The majority of costs expended in this case were for the expert services of Dr. Eric Gershwin. He billed at an hourly rate of $450 for a total of $4,612.50. This hourly rate has previously been found to be reasonable and I will award it herein. *I.H. v. Sec'y of Health & Human Servs.*, No. 13-766V, 2016 WL 7666536 at *2 (Fed. Cl. Spec. Mstr. Dec. 16, 2016); *Wilson v. Sec'y of Health & Human Servs.*, No. 15-521V, 2017 WL 1713104, at *2 (Fed. Cl. Spec. Mstr. March 29, 2017).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.